UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**THOMAS EWER**
W9518 Port Arthur Rd
Ladysmith, WI 54848

         Plaintiff,

                                       Case No. 22-cv-614

    vs.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

      and

**AETNA HEALTH INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

         Defendants.

---

## COMPLAINT

---

The Plaintiff, Thomas Ewer, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Ladysmith, Wisconsin.

2. Defendant, Hartford Life and Accident Insurance Company ("The Hartford"), on information and belief, is a corporation organized under the laws of the state of Connecticut, licensed to do business in Wisconsin.

3. Defendant, Aetna Insurance Company ("Aetna"), on information and belief is a corporation organized under the laws of the state of Connecticut, licensed to do business in Wisconsin.

4. On information and belief, Defendants administer and insure a long term disability insurance plan for Marathon Cheese Corporation ("the Plan"), an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, that has been in effect since at least March 6, 2018 and continues to the present time.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. Defendants approved Plaintiff's claim for LTDI benefits from September 2, 2018 until September 1, 2020.

11. Plaintiff's LTDI benefit is worth $1,840.80 per month.

12. Plaintiff has been awarded SSDI benefits.

13. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

14. After Plaintiff was awarded SSDI benefits, Defendants offset Plaintiff's LTDI benefit by a $925 per month, resulting in a net LTDI benefit of $915.80 per month.

15. Defendants denied Plaintiff's LTDI benefits claim beyond September 1, 2020.

16. Defendants determined whether Plaintiff was eligible for LTDI benefits.

17. Defendants were responsible for paying Plaintiff's LTDI benefits.

18.    Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

19.    Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

20.    Plaintiff submitted all information requested by the Defendant.

21.    Defendants failed to consider the issues raised in Plaintiff's appeal.

22.    Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23.    Defendants did not perform a "full and fair review" of Plaintiff's claim.

24.    Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25.    Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26.    Defendants failed to engage in a meaningful dialogue with Plaintiff.

27.    Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

28.    Defendants conducted a selective review of Plaintiff's medical records.

29.    Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30.    At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31.     At all times material to this case, the Plan has remained in full force and effect.

32.     Defendants' denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

33.     The preceding paragraphs are reincorporated by reference as though set forth here in full.

34.     Plaintiff has been and remains disabled, as that term is defined by the Plan.

35.     Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36.     Defendants wrongfully denied LTDI benefits due to Plaintiff.

37.     Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

38.     Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

39.     Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

40.     As both the payer of claims and the adjudicator of claim eligibility, Defendants have an inherent conflict of interest.

41.     The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendants relied on Plaintiff's SSDI award in instances when it benefited Defendants but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

42.     Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

43.     For these and other reasons, Defendants wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Thomas Ewer, demands judgment from the Defendants for the following:

A.     Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B.     A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C.     Prejudgment interest;

D.     Reasonable attorney's fees and costs related to the action; and

E.     Such other and further relief that the Court deems just and equitable.

Dated: October 27, 2022.

HAWKS QUINDEL, S.C.

By:       */s/ William E. Parsons*
       William E. Parsons, State Bar No. 1048594
       Email: wparsons@hq-law.com
       Naomi R. Swain, State Bar No. 1115655
       Email: nswain@hq-law.com
       409 East Main Street
       Madison, Wisconsin 53701-2155
       Telephone: 608/257-0040
       Facsimile: 608/256-0236

       Attorneys for Plaintiff, Thomas Ewer

00976774